Steele
v.
The Oswego
Cotton Manu-
facturing Co.

---

## STEELE vs. THE OSWEGO COTTON MANUFACTURING COMPANY.

*Assumpsit* will not lie upon a note of a corporation, to which the *corporate seal* is affixed; and if a count upon such note be joined with the money counts in *assumpsit*, the judgment will be arrested.

MOTION in arrest. The plaintiff declared in *assumpsit*. The first count stated that on, &c. at, &c. the defendants made their certain note in writing, *the corporate seal of the defendants being thereto affixed*, whereby they *promised to pay* to the plaintiff, four months after date, a certain quantity of sheetings, to be delivered at their warehouse, for value received ; and then follows the common conclusion, that the defendants did not deliver the sheeting, although often requested. The second and third counts were like the first on similar instruments, and then followed the *common money counts*. The plaintiff obtained a verdict, and the defendants now moved in arrest of judgment.

NEW-YORK,
May, 1836.

Steele
v.
The Oswego
Cotton Manu-
facturing Co.

*S. Stevens,* for the defendants, insisted that the instru-
ments declared on in the three first counts were *covenants,* and
the counts were substantially *in covenant,* which he contend-
ed could not be joined with the remaining counts, which are
*in assumpsit.*

*J. A. Spencer,* for the plaintiff, insisted that the instru-
ments declared on were not necessarily covenants.  There is
no case which decides that the note of a corporation, express-
ed by its seal, is a deed.  A corporation may give a note, or
bind itself by a parol contract, and the *seal* is in such case
only evidence of the assent of the corporation; it does not
create it a *specialty.*  Whether it shall be intended a deed or
a parol promise, depends upon the nature of the instrument.
Here it is a mere promise for the delivery of manufactured
articles.

*By the Court,* NELSON, J.   The first three counts are spe-
cial, and are in *assumpsit* on a sealed instrument; the residue
are the common *indebitatus* counts.  This is probably the first
time this form of action has been brought and attempted to
be sustained upon such an instrument.  It was said by the
counsel that he could find no case adjudging that an instru-
ment executed under the seal of a corporation is, in technical
language, a deed.  This might well be; for I presume the
position was never doubted.  It was for a long time doubted
by courts whether a corporation could do any lawful act ex-
cept by their seal—or by deed, which is the same thing; and
of consequence, as they could make no promise or simple con-
tract, assumpsit would not lie against them at all.   *Angel &*
*Ames on Corp.* 109, 110, 117, 126, 218, 219.   *Chitty's Pl.*
98. 7 *Cranch,* 297.  12 *Johns. R.* 227.  14 *id.* 118.  19 id. 60.
2 *Kent's Com.* 288, 292.   This ancient doctrine has been ex-
ploded in this country, as will be seen by the above cases;
though in England it is still maintained, with few exceptions.
*Waterworks Co.* v. *Bailey et. al.,* 4 *Bing.* 283.   We have be-
fore had occasion to remark, that the legal effect of the use
of a seal by a corporation does not differ from that of an indi-
vidual: the one is the seal of an artificial, the other of a nat-

ural person. *The Farmer's Woollen Manufacturing Company v. Clark, ante, p. 256. See also 6 Johns. R. 85.*

A motion in arrest of judgment is a proper mode for the defendant to avail himself of this error, it appearing upon the record. *Cro. Eliz.* 859. *Cro. Jac.* 598. *Cro. Eliz.* 786. *Cro. Ch.* 56.